IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY SCOTT,

    Plaintiff,                    No. CIV S-08-0117 LKK JFM P

   vs.

JOSEPH BICK, et al.,

    Defendants.              <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 25, 2008, plaintiff was directed to submit, within thirty days, a completed application to proceed in forma pauperis or pay the filing fee. On February 12, 2008, plaintiff filed an application to proceed in forma pauperis.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected
2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
4         The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).
10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.
17        In his complaint, plaintiff has named Joseph Bick, M.D., Chief Deputy, Clinical
18 Services at California Medical Facility, Vacaville, California, N. Khoury, M.D., Valerie
19 Galloway, R.N., and Angie Sackovich, R.N.  Plaintiff alleges the following.  On June 12, 2007,
20 he was called to the U-Wing Clinic where defendant Galloway and another nurse placed him on
21 Pantamadine and a respirator machine.  Defendant Sackovich filled a syringe with medication
22 and inserted it into the nebulizer, then handed it to defendant Galloway who administered it to
23 plaintiff.  Over halfway through the treatment, defendant Galloway stopped the treatment and
24 informed plaintiff "they had the wrong Scott." (Complaint at 5.)  That same hour, plaintiff was
25 rushed to the emergency room because he had an allergic reaction from the wrong medication
26 that was administered.  On June 21, 2007, a nurse again attempted to give him the wrong

medication, but he informed the nurse and the mistake was corrected before the wrong medication could be administered again. The complaint contains no charging allegations as to defendants Bick and Khoury.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has raised no charging allegations as to defendants Bick and Khoury and, in any event, they would not be liable under a theory of respondeat superior without personal involvement.

/////

In Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." To establish deliberate indifference, plaintiff must show that defendants knew of and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir.1998). Instead, an inmate must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321 (1991).

Courts have held that there is no Eighth Amendment violation when jail officials give the wrong medication to an inmate unless they were aware the inmate would react negatively to the medication. Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir.1998) (Eighth Amendment violation may be shown if doctor continued to prescribe medication after becoming aware of inmate's allergy to medication); Callaway v. Smith County, 991 F.Supp. 801, 809 (E.D.Tex.1998) (no Eighth Amendment violation when administration of wrong medication a mistake); Davila v. Secure Pharmacy Plus, 329 F.Supp.2d 311 (D.Conn.2004) (no Eighth Amendment violation unless pharmacist acted with "culpable state of mind" when he provided incorrectly labeled medication). In Toguchi v. Chung, the estate of an inmate claimed that a physician was deliberately indifferent to the prisoner's medical need for prescribing the wrong medication, failing to consider the potential adverse effects of combining several medications and failing to consider the known risks associated with withdrawal of a particular medication. Toguchi v. Chung, 391 F.3d 1051, 1057-58 (9th Cir. 2004). The Ninth Circuit held that the

/////

doctor was not deliberately indifferent to prisoner's medical needs by prescribing a particular drug when she knew he had a previous adverse reaction. Id. at 1058.

Plaintiff's allegations, without more, constitute medical negligence. Indeed, plaintiff's complaint demonstrates that once the medical professionals became aware plaintiff was not the proper inmate to receive the medication, the medication was stopped and plaintiff was provided emergency medical treatment. Such allegations do not constitute deliberate indifference to his serious medical needs. A claim based on medical negligence is not cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

However, in an abundance of caution, the court will grant plaintiff leave to amend his amended complaint should he be aware of facts supporting deliberate indifference. Plaintiff is cautioned that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). If plaintiff seeks to recover damages for medical malpractice he should file those claims in state court.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and

/////

1  conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v.
2  Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading. This is
6  because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux</u>
7  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11         In accordance with the above, IT IS HEREBY ORDERED that:
12         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
13         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 The fee shall be collected and paid in accordance with this court's order to the Director of the
15 California Department of Corrections and Rehabilitation filed concurrently herewith.
16         3. Plaintiff's amended complaint is dismissed.
17         4. Plaintiff is granted thirty days from the date of service of this order to file a
18 second amended complaint that complies with the requirements of the Civil Rights Act, the
19 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
20 must bear the docket number assigned this case and must be labeled "Second Amended
21 Complaint"; plaintiff must file an original and two copies of the second amended complaint;
22 failure to file a second amended complaint in accordance with this order will result in a
23 recommendation that this action be dismissed.
24 /////
25 /////
26 /////

1    5. The Clerk of the Court is directed to send plaintiff the form for filing a civil
2 rights complaint pursuant to 42 U.S.C. § 1983.
3 DATED: February 14, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; scot0117.14